UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| THEIRING CHARLES<br>aka THIERING CHARLES<br>          LA. DOC #307815 | CIVIL ACTION NO. 6:15-cv-0216 |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| N. BURL CAIN, WARDEN | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

Pro se petitioner Theiring Charles, an inmate in the custody of Louisiana's Department of

Corrections, filed the instant petition for writ of habeas corpus on February 3, 2015. Petitioner

attacks his 1997 armed robbery conviction in the Sixteenth Judicial District Court, St. Mary

Parish.  This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the petition be **TRANSFERRED** to the United States

Fifth Circuit Court of Appeal pursuant to 28 U.S.C. §1631 for further proceedings as provided by

28 U.S.C. §2244(b).

*Background*

On August 21, 1997 petitioner was convicted of armed robbery; thereafter he was

adjudicated an habitual offender and on September 4, 1997 he was sentenced to serve life

without benefit of parole. His conviction, adjudication, and sentence were affirmed on direct

appeal. *State of Louisiana v. Theiring Jerome Charles*, 98-KA-0090 (La. App. 1 Cir. 12/28/99),

761 So.2d 811.

On September 14, 2001 he filed an application for post-conviction relief in the Sixteenth Judicial District Court.  It was denied by the District Court, the Court of Appeals, and ultimately by the Louisiana Supreme Court on June 20, 2003. *State of Louisiana ex rel. Theiring Charles v. State of Louisiana*, 2002-1851 (La. 6/20/2003), 847 So.2d 1226.

On November 21, 2003 he filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Louisiana; in due course the petition was transferred to this Court. Petitioner argued a single claim for relief, ineffective assistance of trial counsel.  On January 20, 2005 the petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). *See Thiering (sic) Charles v. Burl Cain*, Civil Action No. 6:04-cv-0951 at Doc. 1 (petition), Doc. 8 (Report and Recommendation) and Doc. 9 (Judgment).

In October 2012 petitioner commenced a second round of state post-conviction relief in the Sixteenth Judicial District Court claiming ineffective assistance of appellate and trial counsel. His post-conviction litigation ended on October 24, 2014 when the Supreme Court denied writs having determined that petitioner's second application was filed beyond the 2-year period of limitation codified at La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Theiring Charles v. State of Louisiana*, 2014-0363 (La. 10/24/2014), 151 So.3d 595.

Petitioner filed the instant petition for habeas corpus on February 3, 2015. He paid the filing fee on May 8, 2015. Petitioner again argues ineffective assistance of trial and appellate counsel.

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.  A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

Petitioner's first petition, which raised claims of ineffective assistance of counsel, was dismissed as time-barred. Petitioner now raises claims that were or could have been raised in his previous petition. This petition is therefore successive. Petitioner has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court and therefore this Court lacks jurisdiction to adjudicate his successive habeas claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of

jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other

such court in which the action ... could have been brought at the time it was filed or noticed, and

the action ... shall proceed as if it had been filed in or noticed for the court to which it is

transferred on the date upon which it was actually filed in or noticed for the court from which it

is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive

*habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore,

transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of

*habeas corpus*  be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit

pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28

U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

      In Chambers, Lafayette , Louisiana May 19, 2015.

                                           _____

                                         **PATRICK J. HANNA**
                                         **UNITED STATES MAGISTRATE JUDGE**